**Opinion filed August 29, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00197-CR
_____

## TONY CHARLES PATTERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15914-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Tony Charles Patterson, was convicted by a jury of continuous sexual abuse of a child, a first-degree felony. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2024). The jury assessed his punishment at imprisonment for thirty-five years in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. 738; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief.[1] Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that no arguable grounds for appeal exist.[2] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). During the guilt/innocence phase of Appellant's jury trial, the State presented the testimony of five witnesses. The victim, Appellant's daughter, told the jury with sufficient detail how Appellant sexually assaulted her

---

[1]Tonya Cambridge attempted to file a response to counsel's *Anders* brief on Appellant's behalf, purporting to act as his "Power of Attorney, Attorney In Fact." Prior to the filing deadline, we notified Appellant and Cambridge that only members of the state bar may practice law in Texas. *See* TEX. GOV'T CODE ANN. § 81.102 (West 2023); *In re Flores*, No. 11-24-00173-CR, 2024 WL 3056108, at *2–3 (Tex. App.—Eastland June 20, 2024, orig. proceeding) (referring to and attaching a per curiam order issued on April 9, 2024 in cause number 11-24-00079-CR). In that regard, a power of attorney is not an authorization to practice law or to act as an attorney on another's behalf. *See* GOV'T § 81.102; *Flores*, 2024 WL 3056108, at *2–3.

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

when she was nine years old, and again when she was eleven. After the State rested its case-in-chief, Appellant called nine witnesses, then Appellant testified. According to Appellant, the victim fabricated the allegations at her mother's behest so that the mother—Appellant's ex-wife—could steal his assets and "live happily ever after on property that [he] paid for." The jury found Appellant guilty and assessed a thirty-five-year term of imprisonment, which is within the punishment range authorized by law. *See* PENAL § 21.02(h); *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) ("[T]he sentencer's discretion to impose any punishment within the prescribed range . . . [is] essentially 'unfettered.'" (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). Having found no non-frivolous issues elsewhere in the record, we agree that this appeal is without merit.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


August 29, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3